# East *et al. v.* Wood, Adm'r.

## *Action on Promissory Note.*

1. *Promissory note; what will not defeat recovery on.*—The purchaser at an administrator's sale of land, cannot defeat a recovery on the purchase-money notes, or rescind, because a person interested in the estate, but with whom the administrator had no connection, employed a person who was obnoxious to the purchasers to bid against them, by reason of which and the desire of the purchasers to keep such person out, the purchasers bid more than the value of the land.

APPEAL from Randolph Circuit Court.
Tried before Hon. JOHN HENDERSON.
The opinion states the facts.

CICERO D. HUDSON, and JOHN T. HEFLIN, for appellants.

SMITH & SMITH, *contra.*

MANNING, J.—Appellants being sued upon a note they

[Lankford v. Green.]

had executed to appellee, Wood, as administrator of the estate of one Nunn, for one of the instalments of the price of some land of said estate sold by Wood in the course of administration, pleaded that the note had been fraudulently obtained of them through the procurement by Wood and one Gay who was interested in the estate, of a puffer to bid against the defendants who purchased the land and to run up the price of it against them—and that upon learning this fact, they desired and offered to rescind the contract of sale and to deliver possession of the land to Wood. A demurrer to this plea was overruled, and issue joined upon it. Testimony was introduced which tended to show that Gay had engaged a person to bid against defendants who was obnoxious to them, and that to keep him out they had bid for the land more than it was worth. Upon motion of plaintiff, the evidence to this effect, which was substantially all that was offered for the defense, was ruled out and not permitted to be regarded by the jury. To which action of the court defendants excepted.

We think there was no error in the ruling of the Circuit Judge. Wood was acting as administrator, and it did not appear that he had taken any part whatever in procuring Davis to act as puffer. The only thing proved showing that he had any knowledge that Davis intended to bid for the land was a communication made to him by Gay just before the auction began, that "Davis would make said land bring four thousand dollars, or have it." Nothing in the evidence excluded implicated Wood in any engagement of Davis to run the price up against the purchasers; and therefore, if for no other reasons, there was no error in the ruling of the judge below.

Let the judgment of the Circuit Court be affirmed.